**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

DEREK MORGAN,

      Plaintiff,

v.

CITY OF PRYOR, OKLAHOMA, a
political subdivision of the State of
Oklahoma,
CITY OF PRYOR POLICE
DEPARTMENT,
JAMES E. WILLYARD, in his capacity as
a police officer for the Pryor Police
Department and as an individual,
STEVEN LEMMINGS, in his capacity as
Chief of Police of the City of Pryor Police
Department and as an individual,

      Defendants.

Case No. 20-cv-00529-GKF-CDL

**OPINION AND ORDER**

      Two motions are before the court:  the Motion to Dismiss [Doc. 6] filed by defendant City

of Pryor Police Department and the Motion to Dismiss [Doc. 7] filed by defendants City of Pryor,

Oklahoma and James E. Willyard.  For the reasons set forth below, the Motion to Dismiss [Doc.

6] filed by defendant City of Pryor Police Department is granted and the Motion to Dismiss [Doc.

7] filed by defendants City of Pryor and James E. Willyard is granted in part and denied in part.

**I.  Allegations of the Complaint[1]**

      Plaintiff Derek Morgan alleges the following facts relevant to the defendants' motions to

dismiss:

---

[1] Morgan originally filed a Petition in the District Court of Mayes County, Oklahoma [*see* Doc. 2-
1].  For consistency with the Federal Rules of Civil Procedure, the court refers to the Petition as
the Complaint.

On January 1, 2016, Morgan was visiting his parents in Pryor, Oklahoma with his one-year old daughter.  [Doc. 2-1, p. 1 ¶¶ 1–2].  At approximately 1 a.m., three individuals tried to break into a side door of a garage attached to his parents' home.  [*Id.* p. 2 ¶ 7].  They were unsuccessful in doing so, then moved to the back door of the home.  [*Id.*].  Morgan went to the back door and saw the three individuals through the back-door window.  [*Id.*].

Morgan went out of the house and told the three individuals to get on the ground.  [*Id.*].  While all three individuals stood facing Morgan, Cole Peyton—one of the individuals—opened his shirt or coat from the front and reached with one of his arms and hand around to his back.  [*Id.* p. 2 ¶ 8].  Morgan thought Peyton was reaching for a handgun or other weapon and, fearing for his and his family's safety, shot Peyton with his gun.  [*Id.* p. 2 ¶ 9].[2]  All three individuals started running away towards the street in front of the home.  [*Id.*].  Peyton collapsed in the street and Morgan, with help, moved him to the front porch of the home where Morgan's mother, a nurse, attended to him until emergency personnel arrived.  [*Id.*].

Morgan called for emergency vehicles and Peyton was transported to the local hospital where he had surgery and survived.  [*Id.* p. 3 ¶ 10].  Before the police arrived, Morgan placed his gun on a table inside of the home so that it was available to law enforcement personnel.  [*Id.* p. 3 ¶ 15].  Although Peyton later reported to the police that he was shot in the back while fleeing, all medical personnel who attended to Peyton—including the surgeon that operated on him—said he was shot in the front, and Morgan told police that Peyton was shot in the front. [*Id.* p. 3 ¶¶ 11–13].  Numerous police officers were called to the scene to investigate and/or take statements. [*Id.* p. 3 ¶ 14].  They ordered Morgan's mother to sit in a patrol cruiser with his daughter for hours without food, drink, diapers or anything else.  [*Id.*].

---

[2] On January 1, 2016, Morgan had a license to carry a concealed weapon.  [*Id.* p. 2 ¶ 6].

On January 7, 2016, Morgan was arrested by Pryor police officers. [*Id.* pp. 3–4 ¶¶ 16–17]. Morgan was jailed, arraigned and charged with Assault and Battery with a Deadly Weapon, and released after posting a $100,000 bond paid for by some relatives. [*Id.* pp. 3–4 ¶¶ 16, 18]. The arrest warrant was based upon information contained within a Probable Cause Affidavit presented to state District Judge Terry McBride and signed and sworn to on January 6, 2016 by defendant James E. Willyard, a police officer employed by the Pryor Police Department. [*Id.* p. 3 ¶ 16]. Material and information available to the Pryor Police Department was either ignored and/or not contained within the Probable Cause Affidavit. [*Id.*]. Subsequently, a trial was conducted that ended in a verdict in favor of Morgan on September 27, 2018. [*Id.* p. 4 ¶ 19].

"While under charges and pending trial [for Assault and Battery with a Deadly Weapon], based upon information and belief, Pryor Police Department police officers showed up unannounced at a tanning booth occupied by [Morgan] and planted cocaine [ ] on or near [Morgan] while [he was] in that tanning booth. The cocaine did not belong to [Morgan] nor was it in his possession or in the tanning booth prior to the police officers' arrival there." [*Id.* p. 4 ¶ 20]. The substance planted near Morgan on a table in the tanning booth tested positive for cocaine, but three field tests conducted on Morgan to find illegal drugs in his system all came back negative, as did a test Morgan's own physician conducted on him shortly after the incident. [*Id.* p. 4 ¶¶ 21–23]. Morgan was charged with misdemeanor possession of cocaine and later pleaded "no contest" to this charge. [*Id.* p. 4 ¶ 24]. Morgan "agreed to do this during the trial in exchange for not calling any character witnesses in his assault with a deadly weapon trial though his plea was not taken until after that trial." [*Id.*].

On or before January 1st,[3] the Pryor Police Department had actual knowledge that the three individuals were in the neighborhood because persons living in the neighborhood had complained that the three individuals were knocking on doors in the middle of the night. [*Id.* pp. 4–5 ¶¶ 25–26]. In fact, on the night of January 1st, another person living in the neighborhood had called the Pryor Police Department about these individuals, although the individuals had left by the time police arrived. [*Id.* p. 5 ¶ 26]. Further, based upon information and belief, defendant Steven Lemmings, Chief of Police of the City of Pryor Police Department, who oversaw the investigation of this shooting and/or was responsible for Morgan's arrest and subsequent trial, was related to one of the three individuals and was called "Uncle Steve" by one or all of these individuals. [*Id.* p. 5 ¶¶ 27–28]. Morgan alleges that the investigation of this incident was biased, unobjective, unreasonable, and grossly negligent, and Morgan's arrest, jailing, and trial were in violation of his constitutional rights and federal law. [*Id.* p. 5 ¶¶ 29–31]. "All of the information that would lead a reasonable and objective person and/or police officer to believe that [Morgan] was acting in self defense was either available to the City of Pryor Police Department and the other Defendants who wantonly and willfully ignored that information." [*Id.* p. 5 ¶ 32].

Morgan brought this action against Willyard, in his individual and official capacities; Lemmings, in his individual and official capacities; the City of Pryor; and the City of Pryor Police Department. [*Id.*]. Morgan asserts three federal civil rights claims pursuant to 42 U.S.C. § 1983 against all defendants: (1) Illegal Arrest; (2) Malicious Prosecution; and (3) Violation of Due Process by Planting Evidence. [*Id.*]. The City of Pryor, the Pryor Police Department, and Willyard removed the action to this court on October 15, 2020. [Doc. 2]. The City of Pryor, the Pryor

---

[3] Morgan alleges this date is January 1, 20*20*. This appears to be a typographical error as the context strongly implies that Morgan meant to allege that the Pryor Police Department knew of these individuals before January 1, *2016*. He further alleges that the individuals' "names were known to the Pryor Police Department and had been for months." [*Id.* p. 5 ¶ 25].

Police Department, and Willyard move to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Doc. 6; Doc. 7].

## II.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019) (quoting *Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018)).  In making this assessment, the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)).  "[M]ere labels and conclusions and a formulaic recitation of the elements of a cause of action will not suffice." *Id.* (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).  Accordingly, the court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* (quoting *Khalik*, 671 F.3d at 1191).  To state a plausible claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts demonstrating that (1) a "person" (2) acting under color of state law, (3) deprived the plaintiff of, or caused another to deprive the plaintiff of, (4) a right protected by the United States Constitution or other federal law. *Dodds v. Richardson*, 614 F.3d 1185, 1199–1200 (10th Cir. 2010); *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002).

## III.  Analysis

As noted above, the City of Pryor, the Pryor Police Department, and Willyard move to dismiss the three claims.  The court considers their arguments in turn.

**A. Pryor Police Department is Not a Proper Party**

Defendant City of Pryor Police Department argues that it is not an appropriate party to this action because it does not enjoy a separate legal existence independent of its municipality. Federal courts in Oklahoma and the Tenth Circuit agree that departments of municipalities are not separate legal entities. *See Reed v. Ottawa Cnty. Sheriff's Dep't*, No. 10-CV-305-GKF-TLW, 2010 WL 5209260, at *1 (N.D. Okla. Dec. 16, 2010) (dismissing the Town of North Miami Police Department); *see also Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 710 (10th Cir. 2018) (dismissing the Denver Police Department); *Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (dismissing the Healdton Police Department and the Wilson Police Department); *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381 (10th Cir. 1992) (dismissing the Albuquerque Police Department, Roswell Police Department, and Tucumcari Police Department); *Martinez v. Winner*, 771 F.2d 424, 442, 444 (10th Cir. 1985) (dismissing the Denver Police Department), *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986); *Carpenter v. Oklahoma Cnty., Okla.*, No. CIV-09-164-D, 2009 WL 2778445, at *3 (W.D. Okla. Aug. 28, 2009) (dismissing the Oklahoma City Police Department); *Miller v. City of Claremore*, No. 06-CV-0328-CVE-SAJ, 2006 WL 2316245, at *1 (N.D. Okla. Aug. 9, 2006) (dismissing the City of Claremore Police Department); *Shangreaux v. Midwest City Police Dep't*, 936 F.2d 583 (10th Cir. 1991) (dismissing the Police Department of Midwest City). Because the City of Pryor Police Department has no separate legal identity apart from its municipality, it is dismissed from this case.

**B. Official Capacity Claim Against Lemmings is Redundant**

The defendants argue that the official capacity claims against Police Chief Lemmings should be dismissed as unnecessary and redundant because the City of Pryor is also named as a defendant. Morgan makes no mention of this argument in his responsive brief. "Suing an

individual defendant in his or her official capacity under § 1983 'is essentially another way of pleading an action against the county or municipality they represent.'" *Fernandes v. City of Broken Arrow*, No. 16-CV-0630-CVE-FHM, 2017 WL 471561, at *4 (N.D. Okla. Feb. 3, 2017) (quoting *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010)). "[I]f a governmental entity is already a defendant in a lawsuit, then any official capacity claims against its employees are redundant and may be dismissed." *Id.* (alteration in original) (quoting *Moore v. Tulsa*, 55 F. Supp. 3d 1337, 1349 (N.D. Okla. 2014)). Morgan has brought a § 1983 claim against the City of Pryor; thus, the claim against Lemmings in his official capacity is redundant and should be dismissed. *See id.* (dismissing a § 1983 claim against two police officers in their official capacities where the city was also sued); *Moore*, 55 F. Supp. 3d at 1349 (dismissing a § 1983 claim against the Chief of Police in his official capacity where the city was also sued).

## C. Statute of Limitations

The defendants argue that Morgan's claims are barred by the statute of limitations. Although § 1983 provides a federal cause of action, it "looks to the law of the State in which the cause of action arose" to determine the length of the statute of limitations. *Wallace v. Kato*, 549 U.S. 383, 387 (2007); *see also Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) ("The statute of limitations is drawn from the personal-injury statute of the state in which the federal district court sits."). However, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Id.* at 388; *see also Mondragon*, 519 F.3d at 1082 ("Federal law, however, determines the date on which the claim accrues and the limitations period starts to run.").

1. Unlawful Arrest

The United States Supreme Court held "that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is

followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Therefore, the statute of limitation accrues when the defendant "appeared before the examining magistrate and was bound over for trial." *Id.* at 391. The Tenth Circuit has expanded on *Wallace* and found that the statute of limitations on a false arrest claim begins when there is a "judicial determination of probable cause" because the plaintiff becomes "lawfully detained pursuant to legal process at that point." *Young v. Davis*, 554 F.3d 1254, 1257 (10th Cir. 2009). Morgan alleges that "[d]ays later" than January 1, 2016, he was "arrested, placed in jail, arraigned and released . . . ." [Doc. 2-1, p. 3 ¶ 16]. He also alleges that he was arrested by Pryor Police Officers on January 7, 2016 based on an arrest warrant. [*Id.* p. 4 ¶ 17]. In Oklahoma, the limitations period for a personal injury action is two years. *See* Okla. Stat. tit. 12, § 95(A)(3). Therefore, he had two years from January 7, 2016 in which to bring this claim. His Complaint was filed on September 24, 2020, outside of the two-year statute of limitations. Therefore, this claim is barred.[4]

2. Malicious Prosecution

"The plaintiff in a malicious prosecution action has the burden of affirmatively proving five elements: (1) the bringing of the original action by the defendant; (2) its successful termination in plaintiff's favor; (3) want of probable cause to join the plaintiff; (4) malice, and (5) damages." *Young v. First State Bank, Watonga*, 628 P.2d 707, 709 (Okla. 1981) (citing *Towne v.*

---

[4] "[S]tate law governs the application of tolling in a [federal] civil rights action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). "In general, Oklahoma permits the tolling of a statute of limitations in two circumstances." *Id.* The first circumstance is the existence of a "legal disability," which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. *Id.* The second circumstance is when "defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights." *Id.* (quotation omitted). The Tenth Circuit has also stated that, "[i]n the appropriate case, exceptional circumstances may justify tolling a statute of limitations." *Id.* at 1219. Morgan has not argued that his claim is subject to tolling, and his allegations do not fit within any of these circumstances. *See Young*, 554 F.3d at 1258 (finding the same).

*Martin*, 166 P.2d 98 (Okla. 1946)); *see also Cordova v. City of Albuquerque*, 816 F.3d 645, 650 (10th Cir. 2016) (same). "Malicious prosecution actions are not favored . . . , and they should not be encouraged by lax rules favoring them." *Young*, 628 P.2d at 709 (citing *Williams v. Frey*, 78 P.2d 1052 (Okla. 1938)). The defendants argue that this claim is barred by the statute of limitations. The defendants also argue that the second element—successful termination in plaintiff's favor— cannot be met based on the allegations in plaintiff's Complaint.

"A claim of malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013) (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Robinson v. Maruffi*, 895 F.2d 649, 654–55 (10th Cir. 1990)). Morgan alleges that he was acquitted on September 27, 2018. [Doc. 2-1, p. 4 ¶ 19]. In Oklahoma, the limitations period for a malicious prosecution action is one year. *See* Okla. Stat. tit. 12, § 95(A)(4). Therefore, he had one year from September 27, 2018 in which to bring this claim. His Complaint was filed on September 24, 2020, outside of the one-year statute of limitations. Therefore, this claim is barred.[5]

3. Due Process Claim

Defendants City of Pryor and Willyard argue that Morgan has failed to state a claim for violation of his due process rights. The court concurs, and hereby grants Morgan leave to amend his due process claim by March 23, 2021.

**IV. CONCLUSION**

WHEREFORE, the Motion to Dismiss [Doc. 6] filed by defendant City of Pryor Police Department is granted and the Motion to Dismiss [Doc. 7] filed by defendants City of Pryor and James E. Willyard is granted in part and denied in part.

---

[5] As this claim is barred by the statute of limitations, the Court need not consider the alternative argument regarding whether Morgan has pled that there was a successful termination in his favor.

The Illegal Arrest and Malicious Prosecution Claims are dismissed with prejudice.

The City of Pryor Police Department is dismissed.

The Due Process Claim against Steven Lemmings in his official capacity is dismissed.

Plaintiff Derek Morgan may amend his due process claim by March 23, 2021.

IT IS SO ORDERED this 9th day of March, 2021.

_____
GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

10